IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CHARLES A. GREENE,

    Plaintiff,

v.

CHARLES L. HEAD, and
RAMONA L. ELLIS,

    Defendants.

Case No. CIV-12-259-RAW

## ORDER

Before the court is Plaintiff's motion, titled "Specific Objection" on October 15, 2012 [Docket No. 27].[1] Plaintiff objects to this court's Order dated October 3, 2012 and the accompanying Judgment and Order to show cause. In the October 3, 2012 Order, the court granted Defendants' motion to dismiss, stating that the "allegations listed in the complaint do not create a claim upon which this lawsuit can proceed." Order, ECF No. 21, p. 5. Further, the court found that Plaintiff failed "to state a claim on which relief can be granted." Id.

---

[1] The day after Plaintiff filed his motion, he filed an appeal with the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit"). On October, 19, 2012, the Tenth Circuit entered an Order addressing the existence of Plaintiff's pending post-judgment motion in this court. This court has not yet received the mandate of that Tenth Circuit Order.

    Generally, an appeal divests the district court of jurisdiction. McCauley v. Halliburton Energy Services, Inc., 413 F.3d 1158, 1160 (10th Cir. 2005). Pursuant to Federal Rule of Appellate Procedure 4(a)(4), however, a motion to alter or amend the judgment under Rule 59 "postpones the notice of appeal's effect until the motion is resolved." Jones v. United States, 355 Fed.Appx. 117, 122 (10th Cir. 2009). Additionally, the Tenth Circuit is awaiting this court's resolution of this matter to proceed on appeal. Accordingly, this court will resolve this matter prior to receipt of the mandate.

While the Federal Rules of Civil Procedure do not recognize a motion to reconsider, they do "allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Rules 59(e) and 60(b) "are distinct; they serve different purposes and produce different consequences." Id. When a motion is served within the time allotted under Rule 59(e), currently twenty-eight (28) days of the entry of the judgment,[2] it will ordinarily fall under Rule 59(e). See Id. If it is served after that time, it falls under Rule 60(b). See Id. Plaintiff filed the current motion less than twenty-eight (28) days of the entry of the judgment; thus it will be considered under Rule 59(e).

"Grounds for granting a Rule 59(e) motion include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" Somerlott v. Cherokee Nation Distributors, Inc., No. 10-6157, 2012 WL 3055566 at *8 (10th Cir. July 27, 2012). Plaintiff points to no intervening change in the controlling law. Plaintiff also fails to present any new evidence previously unavailable. Moreover, Plaintiff has not shown any clear error or manifest injustice. Instead, Plaintiff argues that the court erred in its order dismissing this case and that its decision "represents a 21st century 'Jim Crow Law' in order to hide the truth from the general public." Motion, ECF No. 27, p. 2.

The court has carefully reviewed the record in this matter and Plaintiff's "Specific Objection." The court again finds that the allegations in the Complaint do not create a claim upon which this lawsuit can proceed, that the action is frivolous, and that Plaintiff fails to state a

---

[2]Rule 59(e) was amended to allow a motion thereunder to be filed within twenty-eight (28) days, effective December 1, 2009. Fed. R. Civ. P. 59(e).

2

claim upon which relief can be granted. Plaintiff's motion [Docket No. 27] is DENIED.

IT IS SO ORDERED this 20th day of November, 2012.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma